**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1124-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JADA M. MCCLAIN,

     Defendant-Appellant.

_____

> Submitted February 3, 2026 – Decided March 18, 2026
>
> Before Judges Gilson and Perez Friscia.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Accusation No. 20-01-0035.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).
>
> Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jada McClain appeals from a November 22, 2024 order denying her petition for post-conviction relief (PCR). She contends that she was entitled to an evidentiary hearing on her claims that her trial counsel was ineffective in failing to investigate her defenses, not retaining an expert, and not filing a direct appeal. Judge Michael A. Guadagno, the PCR judge, considered but rejected all those arguments. We affirm substantially for the reasons explained by Judge Guadagno in his thoughtful written opinion.

In 2019, defendant was charged with murdering her infant on the day the child was born. When interviewed by police officers, defendant admitted to killing her newborn child.

Through the efforts of her trial counsel, in 2020, defendant negotiated an agreement under which she pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4, in exchange for an agreement by the State to recommend a prison sentence of ten years. In pleading guilty, defendant, under oath, admitted she had become pregnant in 2018, hid her pregnancy from her parents, gave birth to a live infant alone in a bathroom, and shortly thereafter compressed the baby's chest with her hands causing the baby to stop breathing and die. Defendant and her boyfriend, the dead child's father, then took the infant's body and put it in a dumpster.

When she pled guilty, defendant testified that she had reviewed the plea agreement and forms with her counsel, her counsel had answered all her questions, and she was satisfied with her counsel's representation. Defendant also acknowledged that she understood all her rights and was voluntarily and freely pleading guilty because she was guilty.

In April 2021, defendant was sentenced to ten years in prison with periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant did not file a timely direct appeal. Instead, two years after her sentencing, defendant moved to file an appeal out of time. Defendant sought to challenge her sentence as "excessive." We denied the motion.

Defendant then filed a PCR petition. She was assigned counsel, and her counsel assisted her in supplementing her petition. Judge Guadagno thereafter heard argument on November 12, 2024. Ten days later, Judge Guadagno issued a written opinion and order denying defendant's petition without an evidentiary hearing.

In his thorough fifteen-page opinion, Judge Guadagno considered all of defendant's arguments, including her contentions that her trial counsel had been ineffective by (1) failing to retain a mental health expert; (2) failing to review

3

all the discovery with her; (3) failing to negotiate a better plea; (4) failing to argue at sentencing for mitigating factor four, N.J.S.A. 2C:44-1(b)(4); and (5) failing to file a timely appeal.

After analyzing each of defendant's arguments, Judge Guadagno explained the reasons he was rejecting each argument and the laws that supported his rulings. Judge Guadagno also explained why there was no basis for an evidentiary hearing.

On this appeal, defendant argues:

> [DEFENDANT] IS ENTITLED TO A REMAND AND/OR AN EVIDENTIARY HEARING ON HER CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE PRETRIAL BY FAILING TO INVESTIGATE AND HIRE AN EXPERT IN AN EFFORT TO ADVOCATE FOR A BETTER PLEA DEAL, AND AFTER HER PLEA BY FAILING TO ASSURE THAT A DIRECT APPEAL WAS TIMELY FILED.

Those arguments are among the assertions considered by Judge Guadagno. In analyzing defendant's first argument, Judge Guadagno reasoned that the record did not support defendant's contention that her trial counsel failed to investigate the matter. The judge also explained why a mental health expert would not have supported a claim of diminished capacity or helped her negotiate a better plea agreement. See Strickland v. Washington, 466 U.S. 668, 687

4

(1984) (explaining that to establish a claim of ineffective assistance of counsel, a defendant must show (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense"); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

In rejecting the second argument, Judge Guadagno pointed out that we denied defendant's motion for permission to file an out-of-time direct appeal. The judge also noted that on direct appeal defendant was seeking to argue that her sentence was excessive, but there was no support for that argument and, therefore, she could show no prejudice.

Having conducted a de novo review of the record and law, we affirm substantially for the reasons explained by Judge Guadagno in his written opinion issued on November 22, 2024. We agree with Judge Guadagno's analysis of the facts and his application of those facts to the governing law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-1124-24